

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 19, 1974

The Honorable Roy W. Mouer
Securities Commissioner
State Securities Board
709 L. B. J. Building
Austin, Texas

Opinion No. H- 405

Re: Promotion and merit
salary increases under the
General Appropriation Act
for the 1974-75 biennium.

Dear Commissioner Mouer:

Your opinion request involves the merit salary increase and
promotion provisions contained in the General Appropriations Act
for the current biennium. (Acts 1973, 63rd Leg., ch. 659, p. 1789)
Relevant to your request are the following subsections of Section 1 of
Article V, the General Provisions article of the Act:

> d. MERIT SALARY INCREASES. It is expressly
> provided that Departments and Agencies having
> appropriations for classified salaries and wages may
> grant to classified employees merit salary increases in
> recognition of an encouragement for "continued and/or
> satisfactory career service" with the State of Texas
> as provided herein:
>
> (1) "Continued and/or satisfactory career service"
> as used in this Act shall mean service with consistent
> performance equal to that normally expected or required.
> "Merit Salary Increase" as used in this Act shall mean
> advancement to a higher numbered Step in the same
> Salary Group of the Classification Salary Schedule.

. . .

(3) For the biennium beginning September 1, 1973, the maximum monthly rate or expenditures for merit salary increases shall not exceed: (a) an amount equal to 3.4% of the total amount specifically appropriated for the biennium for salaries of classified positions divided by twenty-four (24), or (b) such amount as may otherwise be appropriated for the biennium for the specific purpose of granting merit salary increases divided by twenty-four (24), or (c) where this Act appropriates a lump sum or estimated amount for salaries and operating expenses, the maximum monthly rate or expenditure for such merit salary increases shall not, during the first year of the biennium, exceed 3.4% of the average monthly payroll for salaries of regular fulltime employments in classified positions, for the six-month period March 1, 1973 through August 31, 1973; nor during the second year of the biennium exceed 3.4% of such average monthly payroll for the six-month period March 1, 1974 through August 31, 1974.

. . .

e. PROMOTIONS   A promotion means a change in duty assignment of an employee within an agency from a position in one classification to a position in another classification in a higher salary group requiring higher qualifications such as a greater skill or longer experience, and involving a higher level or responsibility. When an employee is promoted to a position in a higher salary group, he will receive at least a rate one increment higher than his salary rate before promotion or the minimum rate of the new salary range, whichever is higher, and may, at the discretion of the agency administrator, receive an annual rate up to and including the rate designated by the same step number which designated his former rate.

Your first question arises when an employee in a classified salary position receives a merit salary increase to a higher step in his salary group and then subsequently receives a promotion to the same, or lower, step in a higher salary group. You ask whether the previously granted merit salary increase lapses at the time of the promotion thereby making more funds available for use in paying merit salary increases to other employees within the agency.

Merit salary increases should not be confused with promotions. Attorney General Opinion H-106 (1973). They are awarded in recognition of continuing satisfactory service on the job and result in a higher rate of pay for doing the same job. Promotions, on the other hand, elevate the employee to an entirely new job involving more responsibility or requiring greater skill and experience. Upon receiving a promotion, the employee is paid more because he is classified in a new, higher salary group. A promotion in effect means a new job for the employee while a merit salary increase merely means continuation of the old job at a higher rate of pay.

When an employee receives a promotion, his old job in the lower salary group terminates insofar as he is concerned, and any merit salary increase he has received in recognition of the manner in which the old job was performed lapses along with it . His new salary in its entirety is the product of the promotion and is not in any respect due to a merit salary increase. Since none of a newly promoted employee's salary is due to a merit salary increase, none of it should be counted against an agency's maximum monthly quota of expenditures for merit salary increases. Therefore, in our opinion, funds that would have been used to continue paying an increase previously granted an employee are freed upon his promotion and become available for use in paying merit salary increases to other employees within the agency.

Your second question concerns only those agencies which in their appropriations have been given a lump sum or estimated amount to be used for salaries and operating expenses. With respect to such agencies, subsection (3)(c) of the merit salary increase provision provides: "the maximum

monthly rate of expenditure for such merit salary increases shall not, during the first year of the biennium, exceed 3.4% of the average monthly payroll for salaries of regular full-time employments in classified positions, for the six-month period March 1, 1973 through August 31, 1973; nor during the second year of the biennium exceed 3.4% such average monthly payroll for the six-month period March 1, 1974 through August 31, 1974. "

You ask whether the merit salary increases awarded by such agencies in the first year of the biennium count against their maximum monthly rate of expenditures for such increases during the second year of the biennium.

Your question was answered in Attorney General Opinion  H-106 (1973) in which we said:

> It must be recognized that a merit salary raise has long term consequences.  The administrator must be able to budget funds to cover any raise for every remaining month in the biennium.  Any increase will cause charges against the monthly maximum for all succeeding months.  H-106 at p. 501.

Subsection (3)(c) does not change our answer in this regard.  It merely sets out the formula to be used by an agency having a lump sum or estimated amount appropriation for salaries and operating expenses in calculating its maximum montly rate of expenditures for merit salary increases.  It does not, however, provide that increases granted in the first year of the biennium become classified salaries at the end of the year thereby freeing funds budgeted for their payment for use in paying increases to other employees.  In our opinion the conclusion we reached in H-106 applies with equal force to agencies having either a lump sum or estimated amount appropriation for salaries and operating expenses; any increase awarded during the first year of the biennium will count against the agency's monthly maximum for all succeeding months of the biennium.

### SUMMARY

A merit salary increase granted in the first year of the biennium will count against an agency's monthly maximum for all succeeding months of the biennium. However, when an employee who has previously been granted an increase receives a promotion, his old job in the lower salary group terminates, and any increase he has received lapses along with it. Funds that have been budgeted for continued payment of his increase are freed and become available for use in paying merit salary increases to other employees within the agency.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg